UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM WENTWORTH FOSTER, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 4:18CV802 ACL |
| TROY STEELE and TERRY LAWSON, | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff William Wentworth Foster's motion for reconsideration of the denial of his request to proceed in forma pauperis in this action, as well as the dismissal of his action to a fully paid complaint. Plaintiff asserts that he is currently in "imminent danger" and he should be allowed to proceed in forma pauperis at this time. After reviewing the record before this Court, plaintiff's motion for reconsideration will be denied.

**Background**

Plaintiff brought this action pro se under 42 U.S.C. § 1983, alleging that his constitutional rights were violated during his incarceration at Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri, which is within this Court's venue. He claimed that Warden Troy Steele and Assistant Warden Terry Lawson allowed his monthly "state tip" of $8.50, in 2016, to be deducted from his inmate account to pay for various court filing fees that he had incurred while accessing the judicial system in the State of Missouri. Plaintiff asserts that he has so many filing fees that he has essentially been denied his state tip, making his account "zero out," which leaves him without the ability to buy hygiene items such as toothpaste. In this lawsuit, plaintiff asserts that he is suffering from gum disease and his inability to buy toothpaste as a result of paying court filing fees has caused him to be in "imminent danger."

**Discussion**

Plaintiff has filed multiple lawsuits in both the Eastern District of Missouri and the Western District Court of Missouri attempting to litigate this issue.[1] However, at the present time, he is barred from proceeding in forma pauperis in the United States District Courts pursuant to 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act.[2]

Pursuant to § 1915(g), a prisoner who has filed at least three previous cases that were dismissed as frivolous, malicious or for failure to state a claim may not proceed in forma pauperis unless the prisoner is "under imminent danger of serious physical injury" **at the time of filing.** *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original).

Plaintiff is no longer incarcerated at ERDCC, rather he is currently incarcerated at Crossroads Correctional Center ("CRCC") and he has been incarcerated there since at least October of 2016. *See Foster v. Pash*, No. 5:16-CV-6146 FJG (W.D.Mo.) (filed October 27, 2016); *Foster v. Pash*, No. 5:17-CV-814 ODS (W.D.Mo.) (filed September 25, 2017); *Foster v. Pash*, No. 5:17-CV-6040 FJG (W.D.Mo.) (filed March 14, 2017); and *Foster v. Kaden*, No. 5:17-CV-6155 FJG (W.D.Mo.) (filed December 26, 2017). Thus, as plaintiff clearly stated in his complaint, he was not incarcerated at ERDCC at the time he filed the complaint in this Court on May 21, 2018. Most importantly to the facts in this case, however, is that plaintiff could not have been in imminent danger at ERDCC at the time of filing his complaint in this Court on that date because he was not incarcerated there. Additionally, the named defendants in this action, both

---

[1]Plaintiff has brought variations of this same lawsuit regarding the insufficiency of the "state tip" several times over the course of the last several years. *See, e.g., Foster v. Lombardi,* No. 4:16-CV-373 RLW (E.D.Mo.); *Foster v. Lombardi*, No. 1:16-CV-241 SNLJ (E.D.Mo.).
[2]*See, e.g., Foster v. Missouri Dept. of Corrections*, No. 98-4166-CV-W-5-P (W.D.Mo.) (Docs. 18, 20) (noting that "Foster is a frequent litigator. . .[who] has had several cases dismissed for failure to state a claim or because [they were] frivolous under 28 U.S.C. § 1915."). *See also, Foster v. Moore*, No. 2:91-CV-4539 (W.D.Mo); *Foster v. Malone*, No. 2:90-CV-4058 (W.D.Mo.); *Foster v. Rutledge,* No. 2:89-CV-4496 (W.D.Mo).

the Assistant Warden at ERDCC and the Warden at ERDCC, could not have placed plaintiff in imminent danger at the time of filing of the complaint because he was residing at CRCC at that time.

In light of the aforementioned, the Court will decline to reconsider its decision to deny plaintiff's motion to proceed in forma pauperis in this action, as well as its dismissal of his case to a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. #7] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

Dated this 17th day of July, 2018.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE